UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SPIN MASTER LTD. and SPIN MASTER TOYS UK LIMITED, <br><br> *Plaintiffs* <br><br> v. <br><br> AGANV, BABELEMI STORE, BABY ACCESSORIES BABY ACCESSORIES STORE STORE, CAROL MONKEY BABY OFFICIAL STORE, CHILDHOOD TOY STORE, CHILDHOODMEMORY STORE, CUBEIN STORE, CUBEKK STORE, DROXMA STORE, FASHIONISTAR STORE, GAME PARK STORE, HELLOCUBE STORE, JENEEY INTERNATIONAL TRADE CO., LTD., JINHUA YIFAN ARTS AND CRAFTS CO., LTD., KIDLOVE STORE, LAZA TOYS STORE, LEFT MAGIC OFFICIAL STORE, LITTLE PRINCE STORE, MODERNBABY STORE, MOMMY BABY ESHOPPING STORE, NINGBO ROYAL IMPORT AND EXPORT CO., LTD., PANDA HOME STORE, PUZZLES STORE, QY TOYS STORE, SAIKER STORE, SHANTOU TOMNESS TRADING CO., LTD., SHOP1341109 STORE, SHOP2947271 STORE, SHOP910554234 STORE, SMILING TOY STORE, TAOAO TQQ BABY STORE, TOY ROOM AND BABY STORE, TOYSHOUSE STORE, WZ PUZZLES STORE, YIWU JIANYU IMP & EXP CO., LTD., YIWU JIXU IMPORT AND EXPORT CO., LTD., YIWU TUOYING TECHNOLOGY CO., LTD. and ZCUBE OFFICIAL STORE, <br><br> *Defendants* | CIVIL ACTION NO. 24-cv-4007 (GHW) <br><br><br> PRELIMINARY INJUNCTION ORDER |

**GLOSSARY**

| Term | Definition |
|---|---|
| **Plaintiffs or Spin Master** | Spin Master Ltd. and Spin Master Toys UK Limited |
| **Defendants** | aganv, BabeLeMi Store, Baby Accessories Baby accessories Store Store, Carol Monkey Baby Official Store, Childhood Toy Store, ChildhoodMemory Store, CubeIn store, CubeKK Store, Droxma Store, Fashionistar Store, Game Park Store, HelloCube Store, Jeneey International Trade Co., Ltd., Jinhua Yifan Arts And Crafts Co., Ltd., Kidlove Store, LAZA Toys Store, left magic Official Store, Little Prince Store, ModernBaby Store, Mommy Baby eshopping Store, Ningbo Royal Import And Export Co., Ltd., Panda Home Store, Puzzles Store, QY Toys Store, Saiker Store, Shantou Tomness Trading Co., Ltd., Shop1341109 Store, Shop2947271 Store, Shop910554234 Store, Smiling Toy Store, TAOAO TQQ BABY Store, Toy Room And Baby Store, Toyshouse Store, WZ Puzzles Store, Yiwu Jianyu Imp & Exp Co., Ltd., Yiwu Jixu Import And Export Co., Ltd., Yiwu Tuoying Technology Co., Ltd. and ZCUBE Official Store |
| **Alibaba** | Alibaba.com Singapore E-Commerce Pte. Ltd. and/or any other entity that owns and/or operates the Alibaba.com online marketplace platform, which allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York |
| **AliExpress** | AliExpress E-Commerce One Pte., Ltd. and/or any other entity that owns and/or operates the AliExpress.com online marketplace platform, which allows manufacturers, wholesalers and other third-party merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York |
| **Epstein Drangel** | Epstein Drangel LLP, counsel for Plaintiffs |
| **New York Address** | 244 Madison Ave, Suite 411, New York, New York 10016 |
| **Complaint** | Plaintiffs' Complaint |

| Application | Plaintiffs' *ex parte* Application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery |
|---|---|
| Kanabar Dec. | Declaration of Sachin Kanabar in Support of Plaintiffs' Application |
| Nastasi Dec. | Declaration of Gabriela N. Nastasi in Support of Plaintiffs' Application |
| Spin Master Brand(s) | Well-known brands, including Twisty Petz, Rubik's Cube, Flutterbye Fairy, Bunchems and Hatchimals, as well as under their licensed properties, such as Paw Patrol and Air Hogs |
| Rubik's Cube Products | A 3-D cube-shaped combination puzzle that consists of twisting and turning small cubes to return the 3-D cube to its original state with every side having one solid color, which comes in a variation of sizes, including, Rubik's Cube 3x3, Rubik's Cube 4x4 and Rubik's Cube 5x5 |
| Rubik's Cube Marks | U.S. Trademark Registration Nos.: 1,242,974 for "RUBIK'S CUBE" for goods in Class 28 and 1,265,094  for "  " for goods in Class 28 |
| Counterfeit Products | Products bearing or used in connection with the Rubik's Cube Marks and/or marks that are confusingly similar to the Rubik's Cube Marks, and/or products in packaging and/or with labeling bearing the Rubik's Cube Marks and/or marks that are confusingly similar to the Rubik's Cube Marks, and/or products that are identical or confusingly similar to the Rubik's Cube Products |
| Infringing Listings | Defendants' listings for Counterfeit Products |
| User Accounts | Any and all websites and any and all accounts with online marketplace platforms such as Alibaba and/or AliExpress, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |

| **Merchant Storefronts** | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them |
|---|---|
| **Defendants' Assets** | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) |
| **Defendants' Financial Accounts** | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) |
| **Financial Institutions** | PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), the Alibaba Group d/b/a Alibaba.com payment services (e.g., Alipay.com Co., Ltd., Ant Financial Services Group), PingPong Global Solutions, Inc. ("PingPong") and Airwallex (Hong Kong) Limited ("Airwallex") |
| **Third Party Service Providers** | Online marketplace platforms, including, without limitation, Alibaba and/or AliExpress, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise |

WHERAS, Plaintiffs having moved *ex parte* on May 24, 2024 against Defendants for the following: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery;

WHEREAS, the Court entered an Order granting Plaintiffs' Application on August 9, 2024 ("TRO") which ordered Defendants to appear on August 22, 2024 at 1:00 p.m. to show cause why a preliminary injunction should not issue ("Show Cause Hearing");

WHEREAS, on August 14, 2024, Plaintiffs filed a request to modify the briefing schedule, including the date of the Show Cause Hearing, and to extend the TRO until the new date of the Show Cause Hearing;

WHEREAS, on August 15, 2024, the Court granted Plaintiffs' request and adjourned the Show Cause Hearing until September 5, 2024, at 4:00 p.m. ("August 15, 2024 Order");

WHEREAS, on August 28, 2024, pursuant to the alternative methods of service authorized by the TRO, Plaintiffs served the Summons, Complaint, TRO, all papers filed in support of the Application and the August 15, 2024 Order on each and every Defendant;

WHEREAS, on September 5, 2024 at 4:00 p.m., Plaintiffs appeared at the Show Cause Hearing; however, no Defendants appeared.

## **ORDER**

1. The injunctive relief previously granted in the TRO shall remain in place through the pendency of this litigation, and issuing this Order is warranted under Federal Rule of Civil Procedure 65 and Section 34 of the Lanham Act.

   a) Accordingly, Defendants are hereby restrained and enjoined from engaging in any of

the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

i.   manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the Rubik's Cube Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the Rubik's Cube Marks;

ii.  operation of Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts in violation of this Order;

iii. directly or indirectly infringing in any manner Plaintiffs' Rubik's Cube Marks;

iv.  using any reproduction, counterfeit, copy or colorable imitation of Plaintiffs' Rubik's Cube Marks to identify any goods or service not authorized by Plaintiffs;

v.   using Plaintiffs' Rubik's Cube Marks and/or any other marks that are confusingly similar to the Rubik's Cube Marks on or in connection with Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, offering for sale, selling and/or otherwise dealing in Counterfeit Products;

vi.  using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised,

2

marketed, promoted, distributed, displayed, offered for sale or sold by Defendants with Plaintiffs, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defendants and Defendants' commercial activities and Plaintiffs;

vii. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defendants' Assets and the manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products;

viii. effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order; and

ix. knowingly instructing any other person or business entity to engage in any of the activities referred to in subparagraphs I(a)(i) through I(a)(viii) above and I(b)(i) and I(c)(i) below.

b) Accordingly, Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including the Third Party Service Providers

3

and Financial Institutions who satisfy those requirements and are identified in this Order are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

    i.  secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defendants' Assets from or to Defendants' Financial Accounts until further ordered by this Court.

c) Accordingly, Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including the Third Party Service Providers who satisfy those requirements, are hereby restrained and enjoined from engaging in any of the following acts or omissions pending the final hearing and determination of this action or until further order of the Court:

    i.  providing services to Defendants, Defendants' User Accounts and Defendants' Merchant Storefronts, including, without limitation, continued operation of Defendants' User Accounts and Merchant Storefronts; and

    ii.  knowingly instructing any other person or business entity to engage in any of the activities referred to in subparagraphs 1(a)(i) through 1(a)(viii), 1(b)(i) through 1(c)(i) above.

2. As sufficient cause has been shown, the expedited discovery previously granted in the TRO shall remain in place through the pendency of this litigation, including that:

a) Plaintiffs may serve interrogatories pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure as well as Local Civil Rule 33.3 of the Local Rules for the Southern and Eastern Districts of New York and Defendants who are served with this Order shall

provide written responses under oath to such interrogatories within fourteen (14) days of service to Plaintiffs' counsel.

b) Plaintiffs may serve requests for the production of documents pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and Defendants who are served with this Order and the requests for the production of documents, shall produce all documents responsive to such requests within fourteen (14) days of service to Plaintiffs' counsel.

c) Within fourteen (14) days of receiving actual notice of this Order, all Financial Institutions who are served with this Order shall provide Plaintiffs' counsel with all documents and records in their possession, custody or control (whether located in the U.S. or abroad), relating to any and all of Defendants' Financial Accounts, including, but not limited to, documents and records relating to:

   i.    account numbers;

   ii.    current account balances;

   iii.    any and all identifying information for Defendants and Defendants' User Accounts, including names, addresses and contact information;

   iv.    any and all account opening documents and records, including, but not limited to, account applications, signature cards, identification documents, and if a business entity, any and all business documents provided for the opening of each and every of Defendants' Financial Accounts;

   v.    any and all deposits and withdrawal during the previous year from each and every of Defendants' Financial Accounts and any and all supporting documentation, including, but not limited to, deposit slips, withdrawal slips, cancelled checks and account statements; and

vi.  any and all wire transfers into each and every of Defendants' Financial Accounts during the previous year, including, but not limited to, documents sufficient to show the identity of the destination of the transferred funds, the identity of the beneficiary's bank and the beneficiary's account number.

d) Within fourteen (14) days of receipt of service of this Order, the Third Party Service Providers shall provide to Plaintiffs' counsel all documents and records in its possession, custody or control (whether located in the U.S. or abroad) relating to Defendants' User Accounts and Defendants' Merchant Storefronts, including, but not limited to, documents and records relating to:

i.  any and all User Accounts and Defendants' Merchant Storefronts and account details, including, without limitation, identifying information and account numbers for any and all User Accounts and Defendants' Merchant Storefronts that Defendants have ever had and/or currently maintain with the Third Party Service Providers that were not previously provided;

ii.  the identities, location and contact information, including any and all e-mail addresses of Defendants that were not previously provided;

iii.  the nature of Defendants' businesses and operations, methods of payment, methods for accepting payment and any and all financial information, including, but not limited to, information associated with Defendants' User Accounts and Defendants' Merchant Storefronts, a full accounting of Defendants' sales history and listing history under such accounts and Defendants' Financial Accounts with any and all Financial Institutions associated with Defendants' User Accounts and Defendants' Merchant Storefronts; and

     iv.    Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale and/or selling of Counterfeit Products, or any other products bearing the Rubik's Cube Marks and/or marks that are confusingly similar to, identical to and constitute infringement of the Rubik's Cube Marks.

3. As sufficient cause has been shown, such alternative service by electronic means as ordered in the TRO and herein shall be deemed effective as to Defendants, Third Party Service Providers and Financial Institutions through the pendency of this action.

4. Defendants are hereby given notice that they may be deemed to have actual notice of the terms of this Order and any act by them or anyone of them in violation of this Order may be considered and prosecuted as in contempt of this Court.

5. The $10,000.00 bond posted by Plaintiffs shall remain with the Court until a final disposition of this case or until this Order is terminated.

6. This Order shall remain in effect during the pendency of this action, or until further order of the Court.

7. Any Defendants that are subject to this Order may appear and move to dissolve or modify the Order on two (2) days' notice to Plaintiffs or on shorter notice as set by the Court.

    SO ORDERED.

Dated: September 5, 2024
       New York, New York

                                     _____
                                        GREGORY H. WOODS
                                United States District Judge

7