UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SPIN MASTER LTD. and SPIN MASTER TOYS UK LIMITED,<br><br>*Plaintiffs*<br><br>v.<br><br>AGANV, BABELEMI STORE, BABY ACCESSORIES BABY ACCESSORIES STORE STORE, CAROL MONKEY BABY OFFICIAL STORE, CHILDHOOD TOY STORE, CHILDHOODMEMORY STORE, CUBEIN STORE, CUBEKK STORE, DROXMA STORE, FASHIONISTAR STORE, GAME PARK STORE, HELLOCUBE STORE, JENEEY INTERNATIONAL TRADE CO., LTD., JINHUA YIFAN ARTS AND CRAFTS CO., LTD., KIDLOVE STORE, LAZA TOYS STORE, LEFT MAGIC OFFICIAL STORE, LITTLE PRINCE STORE, MODERNBABY STORE, MOMMY BABY ESHOPPING STORE, NINGBO ROYAL IMPORT AND EXPORT CO., LTD., PANDA HOME STORE, PUZZLES STORE, QY TOYS STORE, SAIKER STORE, SHANTOU TOMNESS TRADING CO., LTD., SHOP1341109 STORE, SHOP2947271 STORE, SHOP910554234 STORE, SMILING TOY STORE, TAOAO TQQ BABY STORE, TOY ROOM AND BABY STORE, TOYSHOUSE STORE, WZ PUZZLES STORE, YIWU JIANYU IMP & EXP CO., LTD., YIWU JIXU IMPORT AND EXPORT CO., LTD., YIWU TUOYING TECHNOLOGY CO., LTD. and ZCUBE OFFICIAL STORE,<br><br>*Defendants* | **CIVIL CASE NO.**<br>**24-cv-4007 (GHW)**<br><br>**FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION ORDER**<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 12/15/2025 |

**GLOSSARY**

| Term | Definition | Docket Entry No. |
|---|---|---|
| **Plaintiffs or Spin Master** | Spin Master Ltd. and Spin Master Toys UK Limited | N/A |
| **Defendants** | aganv, BabeLeMi Store, Baby Accessories Baby accessories Store Store, Carol Monkey Baby Official Store, Childhood Toy Store, ChildhoodMemory Store, CubeIn store, CubeKK Store, Droxma Store, Fashionistar Store, Game Park Store, HelloCube Store, Jeneey International Trade Co., Ltd., Jinhua Yifan Arts And Crafts Co., Ltd., Kidlove Store, LAZA Toys Store, left magic Official Store, Little Prince Store, ModernBaby Store, Mommy Baby eshopping Store, Ningbo Royal Import And Export Co., Ltd., Panda Home Store, Puzzles Store, QY Toys Store, Saiker Store, Shantou Tomness Trading Co., Ltd., Shop1341109 Store, Shop2947271 Store, Shop910554234 Store, Smiling Toy Store, TAOAO TQQ BABY Store, Toy Room And Baby Store, Toyshouse Store, WZ Puzzles Store, Yiwu Jianyu Imp & Exp Co., Ltd., Yiwu Jixu Import And Export Co., Ltd., Yiwu Tuoying Technology Co., Ltd. and ZCUBE Official Store | N/A |
| **Defaulting Defendants** | aganv, BabeLeMi Store, Baby Accessories Baby accessories Store Store, Carol Monkey Baby Official Store, Childhood Toy Store, ChildhoodMemory Store, CubeKK Store, Droxma Store, Fashionistar Store, Game Park Store, HelloCube Store, Jeneey International Trade Co., Ltd., Jinhua Yifan Arts And Crafts Co., Ltd., Kidlove Store, LAZA Toys Store, Little Prince Store, ModernBaby Store, Mommy Baby eshopping Store, Ningbo Royal Import And Export Co., Ltd., Panda Home Store, Puzzles Store, QY Toys Store, Saiker Store, Shantou Tomness Trading Co., Ltd., Shop1341109 Store, Shop2947271 Store, Shop910554234 Store, Smiling Toy Store, TAOAO TQQ BABY Store, Toy Room And Baby Store, Toyshouse Store, WZ Puzzles Store, Yiwu Jianyu Imp & Exp Co., Ltd., Yiwu Jixu Import And Export Co., Ltd., Yiwu Tuoying Technology Co., Ltd. and ZCUBE Official Store | N/A |

| | | |
|---|---|---|
| **Alibaba** | Alibaba.com Singapore E-Commerce Pte. Ltd. and/or any other entity that owns and/or operates the Alibaba.com online marketplace platform, which | N/A |
| | allows manufacturers, wholesalers and other thirdparty merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York | |
| **AliExpress** | AliExpress E-Commerce One Pte., Ltd. and/or any other entity that owns and/or operates the AliExpress.com online marketplace platform, which allows manufacturers, wholesalers and other thirdparty merchants, like Defendants, to advertise, offer for sale, sell, distribute and ship their wholesale and retail products originating from China directly to consumers across the world and specifically to consumers residing in the U.S., including New York | N/A |
| **Sealing Order** | Order to Seal File entered on May 23, 2024 | 1 |
| **Compl.** | Plaintiffs' Complaint filed on May 24, 2024 | 6 |
| **ED** | Epstein Drangel LLP, counsel for Plaintiffs | N/A |
| **New York Address** | 244 Madison Ave, Suite 411, New York, New York 10016 | N/A |
| **App.** | Plaintiffs' e*x parte* application for: 1) a temporary restraining order; 2) an order restraining Merchant Storefronts (as defined *infra*) and Defendants' Assets (as defined *infra*) with the Financial Institutions (as defined *infra*); 3) an order to show cause why a preliminary injunction should not issue; 4) an order authorizing bifurcated and alternative service and 5) an order authorizing expedited discovery | 10-16 |
| **App. MOL** | The Memorandum of Law Filed in Support of Plaintiffs' App. | 13 |

| | | |
|---|---|---|
| **TRO** | 1) Temporary Restraining Order; 2) Order Restraining Merchant Storefronts and Defendants' Assets with the Financial Institutions; 3) Order to Show Cause Why a Preliminary Injunction Should Not Issue; 4) Order Authorizing Bifurcated and Alternative Service; and 5) Order Authorizing Expedited Discovery entered by the Court on September 13, 2024 | 20 |
| **Kanabar Dec.** | Declaration of Sachin Kanabar in Support of Plaintiffs' App. | 16 |
| **Nastasi Dec.** | Declaration of Gabriela N. Nastasi in Support of Plaintiffs' App. | 14 |
| **Spin Master Brand(s)** | Well-known brands, including Twisty Petz, Rubik's Cube, Flutterbye Fairy, Bunchems and Hatchimals, as | N/A |

| | | |
|---|---|---|
| | well as under their licensed properties, such as Paw Patrol and Air Hogs | |
| **Rubik's Cube Products** | A 3-D cube-shaped combination puzzle that consists of twisting and turning small cubes to return the 3-D cube to its original state with every side having one solid color, which comes in a variation of sizes, including, Rubik's Cube 3x3, Rubik's Cube 4x4 and Rubik's Cube 5 x5 | N/A |
| **Rubik's Cube Marks** | The marks covered by U.S. Trademark Registration Nos.: 1,242,974 for "RUBIK'S CUBE" for goods in Class 28 and 1,265,094 for " " for goods in Class 28 | N/A |
| **Counterfeit Products** | Products bearing or used in connection with the Rubik's Cube Marks and/or marks that are confusingly similar to the Rubik's Cube Marks, and/or products in packaging and/or with labeling bearing the Rubik's Cube Marks and/or marks that are confusingly similar to the Rubik's Cube Marks, and/or products that are identical or confusingly similar to the Rubik's Cube Products | N/A |
| **Infringing Listings** | Defendants' listings for Counterfeit Products | N/A |

iii

| User Accounts | Any and all websites and any and all accounts with online marketplace platforms such as Alibaba and/or AliExpress, as well as any and all as yet undiscovered accounts with additional online marketplace platforms held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |
|---|---|---|
| Merchant Storefronts | Any and all User Accounts through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them operate storefronts to manufacture, import, export, advertise, market, promote, distribute, display, offer for sale, sell and/or otherwise deal in Counterfeit Products, which are held by or associated with Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them | N/A |

| Defendants' Assets | Any and all money, securities or other property or assets of Defendants (whether said assets are located in the U.S. or abroad) | N/A |
|---|---|---|
| Defendants' Financial Accounts | Any and all financial accounts associated with or utilized by any Defendants or any Defendants' User Accounts or Merchant Storefront(s) (whether said account is located in the U.S. or abroad) | N/A |
| Financial Institutions | PayPal Inc. ("PayPal"), Payoneer Inc. ("Payoneer"), the Alibaba Group d/b/a Alibaba.com payment services (e.g., Alipay.com Co., Ltd., Ant Financial Services Group) and PingPong Global Solutions, Inc. ("PingPong") | N/A |
| Third Party Service Providers | Online marketplace platforms, including, without limitation, those owned and operated, directly or indirectly by Alibaba and/or AliExpress, as well as any and all as yet undiscovered online marketplace platforms and/or entities through which Defendants, their respective officers, employees, agents, servants and all persons in active concert or participation with any of them manufacture, import, export, advertise, market, promote, distribute, offer for sale, sell and/or otherwise deal in Counterfeit Products which are hereinafter identified as a result of any order entered in this action, or otherwise | N/A |

| **Show Cause Hearing** | September 5, 2024 hearing to show cause why a preliminary injunction should not issue | N/A |
|---|---|---|
| **PI Order** | The Preliminary Injunction Order entered on September 5, 2024 | 15 |
| **DJ Motion** | Plaintiffs' Motion for Default Judgment and a Permanent Injunction Should Not be Entered Against Defaulting Defendants filed on October 31, 2025 | TBD |
| **Nastasi Aff.** | Affidavit by Gabriela N. Nastasi in Support of Plaintiffs' DJ Motion | TBD |

This matter comes before the Court by motion filed by Plaintiffs for the entry of final judgment and permanent injunction by default against Defaulting Defendants for Defaulting Defendants' trademark infringement, trademark counterfeiting, false designation of origin, passing off and unfair competition and related state and common law claims arising out of Defaulting Defendants' unauthorized use of Plaintiffs' Rubik's Cube Marks, without limitation, in their manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying or offering for sale and/or selling and/or sale of Counterfeit Products.

The Court, having considered the Memorandum of Law and Affidavit of Gabriela N. Nastasi in support of Plaintiffs' Motion for Default Judgment and a Permanent Injunction Against Defaulting Defendants, the Certificate of Service of the Summons and Complaint, the Certificate of the Clerk of the Court stating that no answer has been filed in the instant action, and upon all other pleadings and papers on file in this action, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

## I.    <u>Defaulting Defendants' Liability</u>

1) Judgment is granted in favor of Plaintiffs on Counts I and II as properly pleaded against Defaulting Defendants in the Complaint.  Counts III and IV are dismissed with prejudice.

## II.    <u>Damages Awards</u>

1) IT IS FURTHER ORDERED, ADJUDGED AND DECREED, that because it would serve both the compensatory and punitive purposes of the Lanham Act's prohibitions on willful infringement, and because Plaintiffs have sufficiently set forth the basis for the statutory damages award requested in their Memorandum of Law in Support of their Motion for Default Judgment, the Court finds such an award to be reasonable and Plaintiffs are awarded Fifty Thousand U.S. Dollars ($50,000.000) in statutory damages against the following thirty-six (36)

1

Defaulting Defendants: aganv, BabeLeMi Store, Baby Accessories Baby accessories Store Store, Carol Monkey Baby Official Store, Childhood Toy Store, ChildhoodMemory Store, CubeKK Store, Droxma Store, Fashionistar Store, Game Park Store, HelloCube Store, Jeneey International Trade Co., Ltd., Jinhua Yifan Arts And Crafts Co., Ltd., Kidlove Store, LAZA Toys Store, Little Prince Store, ModernBaby Store, Mommy Baby eshopping Store, Ningbo Royal Import And Export Co., Ltd., Panda Home Store, Puzzles Store, QY Toys Store, Saiker Store, Shantou Tomness Trading Co., Ltd., Shop1341109 Store, Shop2947271 Store, Shop910554234 Store, Smiling Toy Store, TAOAO TQQ BABY Store, Toy Room And Baby Store, Toyshouse Store, WZ Puzzles Store, Yiwu Jianyu Imp & Exp Co., Ltd., Yiwu Jixu Import And Export Co., Ltd., Yiwu Tuoying Technology Co., Ltd. and ZCUBE Official Store pursuant to 15 U.S.C. § 1117(c) of the Lanham Act, plus post-judgment interest.

### III.    **Permanent Injunction**

1)  IS FURTHER ORDERED, ADJUDGED AND DECREED, that Defaulting Defendants, their respective officers, agents, servants, employees, successors and assigns and all persons acting in concert with or under the direction of Defaulting Defendants (regardless of whether located in the United States or abroad), who receive actual notice of this Order are permanently enjoined and restrained from:

   A. manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in Counterfeit Products or any other products bearing the Rubik's Cube Marks and/or marks that are confusingly similar to, identical to and constitute a counterfeiting and/or infringement of the Rubik's Cube Marks;

   B. operation of Defaulting Defendants' User Accounts and Defaulting Defendants' Merchant Storefronts, including, without limitation, continued operation of Defaulting

Defendants' User Accounts and Merchant Storefronts in violation of this Order;

C. directly or indirectly infringing in any manner Plaintiffs' Rubik's Cube Marks;

D. using any reproduction, counterfeit, copy or colorable imitation of Plaintiffs' Rubik's Cube Marks to identify any goods or services not authorized by Plaintiffs;

E. using Plaintiffs' Rubik's Cube Marks and/or any other marks that are confusingly similar to the Rubik's Cube Marks on or in connection with Defaulting Defendants' manufacturing, importing, exporting, advertising, marketing, promoting, distributing, displaying, offering for sale, selling and/or otherwise dealing in the Counterfeit Products;

F. using any false designation of origin or false description, or engaging in any action which is likely to cause confusion, cause mistake and/or to deceive members of the trade and/or the public as to the affiliation, connection or association of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by Defaulting Defendants with Plaintiffs, and/or as to the origin, sponsorship or approval of any product manufactured, imported, exported, advertised, marketed, promoted, distributed, displayed, offered for sale or sold by

Defaulting Defendants and Defaulting Defendants' commercial activities with Plaintiffs;

G. secreting, concealing, destroying, altering, selling off, transferring or otherwise disposing of and/or dealing with: (i) Counterfeit Products and/or (ii) any computer files, data, business records, documents or any other records or evidence relating to their User Accounts, Merchant Storefronts or Defaulting Defendants' Assets and the

3

manufacture, importation, exportation, advertising, marketing, promotion, distribution, display, offering for sale and/or sale of Counterfeit Products; and

H.  effecting assignments or transfers, forming new entities or associations, or creating and/or utilizing any other platform, User Account, Merchant Storefront or any other means of importation exportation, advertising, marketing, promotion, distribution, displaying, offering for sale and/or sale of Counterfeit Products for the purposes of circumventing or otherwise avoiding the prohibitions set forth in this Order.

2)  IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defaulting Defendants must deliver up for destruction to Plaintiffs any and all Counterfeit Products and any and all packaging, labels, tags, advertising and promotional materials and any other materials in the possession, custody or control of Defaulting Defendants that infringe Plaintiffs' Rubik's Cube Marks or bear any marks that are confusingly similar to the Rubik's Cube Marks pursuant to 15 U.S.C. § 1118.

3)  IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Defaulting Defendants and all persons in active concert and participation with them who receive actual notice of this Order, including the Third Party Service Providers and Financial Institutions who satisfy those requirements and are identified in this Order, are permanently enjoined and restrained from:

A. secreting, concealing, transferring, disposing of, withdrawing, encumbering or paying Defaulting Defendants' Assets from or to Defaulting Defendants' Financial Accounts.

4)  IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Defaulting Defendants

4

and all persons in active concert and participation with them who receive actual notice of this Order, including Third Party Service Providers who satisfy those requirements and are identified in this order are permanently enjoined and restrained from:

A.  providing services to Defaulting Defendants, Defaulting Defendants' User Accounts and Defaulting Defendants' Merchant Storefronts, including, without limitation, continued operation of Defaulting Defendants' User Accounts and Merchant

Storefronts; and

B.  knowingly instructing any other person or business entity in engaging in any of the activities referred to in subparagraphs III(1)(A) through III(1)(H), III((3)(A) and III(4)(A) above.

## IV.    Dissolution of Rule 62(a) Stay

1) IT IS FURTHER ORDERED, as sufficient cause has been shown, the 30 day automatic stay on enforcing Plaintiffs' judgment, pursuant to Fed. R. Civ. Pro. 62(a) is hereby dissolved.

## V.    Miscellaneous Relief

1)  Defaulting Defendants may, upon proper showing and two (2) business days written notice to the Court and Plaintiffs' counsel, appear and move for dissolution or modification of the provisions of this Order;

2)  Any failure by Defaulting Defendants to comply with the terms of this Order shall be deemed contempt of Court, subjecting Defaulting Defendants to contempt remedies to be determined by the Court, including fines and seizure of property;

3)  The Court releases the Ten Thousand U.S. Dollar ($10,000.00) security bond that Plaintiffs submitted in connection with this action to counsel for Plaintiffs, Epstein Drangel, LLP, 60 East 42nd Street, Suite 1250, New York, NY 10165; and

5

4) This Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Order.

The Clerk of Court is directed to close this case.

**SO ORDERED.**

SIGNED this __15_ day of <u>December</u>, 2025.

_____
HON. GREGORY H. WOODS
UNITED STATES DISTRICT JUDGE

6